## KELLY v. BLOOMINGDALE et al.

*(Supreme Court, General Term, Second Department.  May 9, 1892.)*

MECHANIC'S LIEN—NOTICE TO OWNER.

Material men notified the owners of premises that the contractor for the erection of buildings thereon was indebted to them in a certain sum, and the architect, who was the agent for the owners, thereafter gave his certificate of the amount of work done, and stated therein, "Notice of claim for lumber has been filed by Lawrence Bros." The next day the material men filed liens, and two days thereafter the owners paid the contractor an amount in excess of the amount of the liens. *Held,* that the payment by the owners after such notice would not protect them against enforcement of the lien, notwithstanding the provision of the mechanic's lien law, (Laws 1885, c. 342, § 4,) that the lienor shall, within 10 days after filing his notice of lien, serve a copy thereof personally on the owner, or by posting on the premises, and that after such service the owner shall not be protected in any payment made to the contractor, such statute being remedial.

Appeal from judgment on report of referee.

Action by Charles H. Kelly against Joseph B. Bloomingdale, Lyman G. Bloomingdale, and others to foreclose mechanics' liens.  The defendants William F. Lawrence and James V. Lawrence, prior lienors, assert their liens. Judgment for defendants Lawrence.  Plaintiff, Kelly, and defendants Bloomingdale appeal.  Affirmed.

The following opinion was delivered on November 19, 1891, by JOHN H. CLAPP, Esq., to whom the cause was referred to hear and determine:

"This action was brought to foreclose two mechanics' liens upon a balance due to James Barham from John J. Brierley, contractors, upon contracts for building two houses in the city of Yonkers, N. Y.  The houses were being erected upon land held by Lyman G. Bloomingdale and Joseph B. Bloomingdale as tenants in common.  The contract for the erection of one house was made with Lyman G. Bloomingdale, and for the other house with Joseph B. Bloomingdale.  It appeared that the contracts were abandoned by the defendant Brierley on the 6th day of August, 1890, and liens were filed against the balance due said Brierley as follows:  On the 19th day of July, 1890, William L. Lawrence and James V. Lawrence filed a lien against Joseph B. Bloomingdale's house for $980.51.  On the same day they filed a lien against Lyman G. Bloomingdale's house for $964.42.  On July 29, 1890, the same parties filed a lien against Joseph B. Bloomingdale's house for $344.63; and on the same day they filed a lien against Lyman G. Bloomingdale's house for $77.48,—all of which liens were filed prior to the 8th day of August, 1890, the date of filing the liens of James Barham, upon which the plaintiff sues herein.  Barham's liens are for $700 against Joseph B. Bloomingdale's house, and $900 against Lyman G. Bloomingdale's house.  The liens of Barham were assigned to the plaintiff by assignment filed the 3d of November, 1890.  The contract between Brierley and L. G. Bloomingdale was for $13,700. Eleven hundred dollars was paid upon this contract prior to any of the liens in this action.  It appears from the testimony of Quick, the architect, who is admitted to be agent of both the Bloomingdales, that in making his certificates under the contracts with Brierley he always certified to an amount of 20 per cent. less than the actual value of the work completed at the date of the certificate.  On July 18th Quick certified that a second payment, amounting to $1,500, is due upon the L. G. Bloomingdale house; that a previous payment had been made of $1,100, showing that $2,600, being the sum of these two payments, was 80 per cent. of the value of the work already completed on L. G. Bloomingdale's house, making the total value of such work $3,250.  It appears that a payment of $750 had been made in June on account of both the Bloomingdale houses.  Apportioning this payment between the two houses in the ratio of the contract price for completing said houses, the amount to be credited to this house is $408.39; and this, added to the $1,100

already paid, would leave $1,641.61 as the value of the work put upon L. G. Bloomingdale's house, which was not yet paid for on July 18, 1890. The above certificate contains the following statement: 'Notice of claim for lumber has been filed by Lawrence Bros.' Lawrence testifies that prior to the 18th day of July, 1890, he called upon one of the Bloomingdales at their store in New York, and notified them that there was over $1,900 due Lawrence Bros. upon the two Bloomingdale houses, and on the 17th day of July, 1890, Bloomingdale, it appears, wrote the following letter to Quick, their architect and agent, viz.: 'Mr. Lawrence was in to see us, and notified us that "Mr. Brierley was very backward in payment, and that he owes Lawrence $1,900 for lumber, and before making any other payment to Mr. Brierley we would like you to get a release from Lawrence Bros., and we want you to be perfectly satisfied that there are no other payments against the property."' Lawrence notified Quick of the balance unpaid on the 19th day of July, 1890. Lawrence Bros. filed their lien against L. G. Bloomingdale's house for $964.42. Notwithstanding the notice which Bloomingdale had personally, and through his agent, Quick, on the 21st day of July, 1890, Bloomingdale, it appears, paid to Brierley $2,630 upon the payment certified to be due him upon both the Bloomingdale houses. A copy of the lien above referred to was posted on the L. G. Bloomingdale house on the 25th day of July, 1890. We do not think that this payment of July 21st can protect Bloomingdale against the above lien, in view of the fact that he had ample notice of the claim of Lawrence. The mechanic's lien law of 1885 is stated to be a remedial statute, to be construed liberally, so as to give the relief provided for. Surely, it cannot be the law that an owner, after notice of a claim, can hasten to pay his contractor a balance due him, and by so doing prevent a lien attaching, even if it should be held that a payment after filing of a lien, before service thereof on him, would protect him against the lien. So there was subject to the lien filed by Lawrence Bros. on July 19, 1890, $1,641.61, which was an amount exceeding their claim. They must be adjudged to have a lien against the house of L. G. Bloomingdale for that amount. Deducting from $1,641.61 the amount of the lien, which is $964.42, there remained due to Brierley, after settling this lien, $676.19; and on the 21st day of July, 1890, and prior to the filing of the second lien of Lawrence Bros., there was paid to Brierley on these houses $1,500, making an overpayment in the sum of $823.81. Subsequent to the certificate of the architect of July 18th, it appears that $77.48 worth of lumber was furnished for use upon that house, and that labor amounting to $651.74 was performed upon both of said houses, and plumbing of the value of $250 went to both of said houses. Apportioning this in the ratio of contract prices of said houses, the amount chargeable to L. G. Bloomingdale's house is $491.01, which would reduce the overpayment above referred to to $332.80; leaving nothing due the contractor Brierley out of which to pay the second lien, and there will be nothing due with which to pay the lien of the plaintiff on the L. G. Bloomingdale house. It appears from the testimony of Quick that on the 18th day of July, 1890, he certified that a payment was due upon the J. B. Bloomingdale house, which, added to the amount of the payments previously made, would aggregate $3,130. Adding to this the 20 per cent. which was withheld under the contract, we find that work had been performed amounting in the aggregate to $3,912.50. Deducting from this $341.61, the portion of the $750 payment properly applicable to this house, and $2,000, the amount of the other payments made upon this house prior to said 18th day of July, 1890, there remained subject to the lien of the defendant Lawrence the sum of $1,570.89, (the same remarks as to the $2,600 payment applying to this house.) Deducting from this amount the amount of said lien, there remained due to said contractor the amount of $590.36; but Bloomingdale paid, on the 21st day of July, $1,130 to Brierley, which would make, after payment of the lien aforesaid, an overpayment of

$539.52. It appears that after July 18th, the date of the certificate aforesaid, lumber was furnished on this building to the value, in the aggregate, of $344.63. Adding to this $410.73, the proper proportion of the labor of the contractor, and of the plumbing materials furnished after said date as afore-said, we find that there was a balance still due the contractor Brierley of $215.74 on the 29th day of July, 1890, which must be applied upon the second lien of the defendant Lawrence for $344.63, leaving nothing out of which to satisfy the plaintiff's lien.

"There is no question as to the plaintiff's right to a judgment against the defendant Brierley. The defendant Lawrence would be entitled to a judg-ment for a deficiency against the defendant Brierley upon proof that he had served his answer upon said defendant. In default of such proof, personal judgment cannot be awarded. I do not think that the defendants Blooming-dale were liable personally to pay anything on account of any of the liens. Judgment should be awarded foreclosing the equity of redemption of the par-ties to this action in the house of Lyman G. Bloomingdale, and his interest as tenant in common in the land described in the complaint, and directing the sale thereof, and out of the proceeds of such sale there should be paid to the defendants Lawrence Bros. $964.42, with interest thereon from the 19th day of July, 1890, together with one half of their costs, and the surplus, if any, should be deposited to the credit of this action. Judgment should also be awarded foreclosing the equity of redemption of the parties to this action in the house of Joseph B. Bloomingdale, and his interest as tenant in common in the land described in the complaint, and out of the proceeds thereof there should be paid to the defendants Lawrence Bros. the sum of $980.51, with in-terest thereon from the 19th day of July, 1890, together with the sum of $215.74, with interest thereon from the 29th day of July, 1890, besides one half of their costs, and the surplus, if any, should be deposited to the credit of this action. The plaintiff is also entitled to personal judgment against the defendant Brierley for the sum of $1,617.83, with his costs and disburse-ments. The liens of the plaintiff herein should be canceled and discharged of record. The lien of Lawrence Bros., filed the 29th day of July, 1891; for $77.48, should also be canceled and discharged of record."

Argued before BARNARD, P. J., and PRATT, J.

*Matthew L. Harney*, for appellant Kelly. *Horwitz & Hershfield*, for ap-pellant Bloomingdale. *Rudd & Hunt*, (*James M. Hunt*, of counsel,) for re-spondents.

PRATT, J. The referee's opinion is so full that no more discussion is re-quired. We find no error, and the judgment should be affirmed. As both parties appeal, there should be no costs.

---

SPRUCK *v.* McROBERTS *et al.*

(*Supreme Court, General Term, Second Department.* May 9, 1892.)

1. MECHANICS' LIENS—OMISSION OF OWNER'S NAME.
Under Laws 1885, c. 342, § 4, providing that the failure to state the name of the true owner in a mechanic's lien shall not impair the validity of the lien, the omis-sion of the name of the owner is immaterial.

2. SAME—IMPLIED ASSENT TO WORK.
Where buildings have been erected with the knowledge of and without objection or notice of ownership from one who subsequently acquires the land by ejectment, he will be presumed to have assented to the erections, and will be bound by a lien therefor.

8. NOTICE OF OWNERSHIP TO BUILDER.
In such a case the owner can derive no benefit from the fact that the builder was notified of his danger, and failed to institute inquiry or profit by the warning, as-the only hazard assumed in disregarding such notice was the risk of placing a building on the land without the owner's assent, and when such assent is estab-lished the risk has wrought no mischief.